19-3605
Singh v. Garland

BIA
Baumgarten, IJ
A215 669 519

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of December, two thousand twenty-one.

**PRESENT:**
> **JOSÉ A. CABRANES,**
> **ROBERT D. SACK,**
> **REENA RAGGI,**
> *Circuit Judges.*

_____

**NAVJOT SINGH,**
> *Petitioner,*                                    AMENDED 2/11/2022*

> **v.**                                                **19-3605**
>                                                          **NAC**
**MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**                Khagendra Gharti-Chhetry, Esq.,
                                              New York, NY.

_____

* The Court's initial order stated the decision date as December 17, 2022. This order correctly states the decision date as December 17, 2021.

**FOR RESPONDENT:**   Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Ilana J. Snyder, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Navjot Singh, a native and citizen of India, seeks review of an October 4, 2019, decision of the BIA affirming an April 11, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Navjot Singh,* No. A 215 669 519 (B.I.A. Oct. 4, 2019), *aff'g* No. A 215 669 519 (Immig. Ct. Batavia Apr. 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and do not consider the findings that the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the adverse

2

credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant. . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency's determination that Singh was not credible as to his claim that he was threatened and assaulted by Bharatiya Janata Party members on account of his political opinion and religion is supported by substantial evidence.

The agency reasonably relied on Singh's demeanor and lack of responsiveness. 8 U.S.C. § 1158(b)(1)(B)(iii). We defer to such a finding, especially where, as here, there are also specific findings of inconsistent testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (noting that "a fact-finder who assesses testimony together with witness demeanor is in the best position to discern . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events" (internal quotation marks and brackets omitted)); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."). And the record supports the IJ's findings that Singh's testimony shifted and was at times lacking detail. For example, Singh's testimony about whether he met with a smuggler and knew the identity of the smuggler shifted throughout the hearing. Singh's testimony was also vague concerning his political activities, and shifting concerning

4

whether he knew any of the farmers who helped him after his second attack.

The agency also reasonably relied on inconsistencies between Singh's testimony and the record of his border interview concerning how he crossed the border, where his passport was taken from him and when it would be returned, and what money he had with him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh does not dispute the reliability or contents of the border interview record, which "bears sufficient indicia of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 721-22, 725 (2d Cir. 2009). The agency was not compelled to credit Singh's explanation that he may have spent the $1,000 he brought from India on personal expenses during his trip because he testified that he did not spend any money while in Mexico. *See Majidi*, 430 F.3d at 80-81 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

These inconsistency and demeanor findings constitute substantial evidence for the adverse credibility

5

determination.  *See Hong Fei Gao*, 891 F.3d at 76; *Xiu Xia Lin*, 534 F.3d at 165–66.

That determination is dispositive of asylum, withholding of removal, and CAT protection because the claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] We do not reach the agency's other credibility findings because the findings discussed above constitute substantial evidence for the adverse credibility determination.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir. 2006) (declining to remand despite error where substantial evidence supported the determination).  Because the adverse credibility determination is dispositive, we do not reach the alternative determination that, even if credible, Singh failed to meet his burden of proof.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

6